J-A25016-16
J-A25017-16
J-A25018-16
J-A25019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK FORKAL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDOLPH FORKAL, | |
| Appellant | No. 2053 MDA 2015 |

Appeal from the Order Entered October 27, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2007-1140 C.P.

| | |
|---|---|
| MARK FORKAL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RANDOLPH FORKAL, | |
| Appellee | No. 2173 MDA 2015 |

Appeal from the Order Entered September 15, 2014
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 1140-2007 CP

| | |
|---|---|
| MARK FORKAL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDOLPH FORKAL, | |
| Appellant | No. 94 MDA 2016 |

J-A25016-16
J-A25017-16
J-A25018-16
J-A25019-16

Appeal from the Order Entered December 22, 2015
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2007-1140

| | | |
|---|---|---|
| MARK FORKAL, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| RANDOLPH FORKAL, | | |
| Appellee | | No. 206 MDA 2016 |

Appeal from the Order Entered September 15, 2014
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2007-1140

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 20, 2016**

The appeals at docket numbers 2053 MDA 2015, 2173 MDA 2015, 94 MDA 2016, and 206 MDA 2016 involve a dispute over two parcels of property in Susquehanna County, Pennsylvania.  On August 26, 2016, this Court, *sua sponte*, consolidated the four appeals for disposition.  After careful review, we vacate the order underlying the appeal at 2053 MDA 2015 and remand for a new valuation hearing.  Additionally, we quash the appeals at 2173 MDA 2015, 94 MDA 2016, and 206 MDA 2016.

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

The relevant facts and convoluted procedural history of this matter are as follows:

This case originated from an action in partition filed on August 10, 2007 concerning property located in Springville Township, Pennsylvania. Mark Forkal (hereinafter, ["Mark"]) filed a Complaint in Partition against Randolph Forkal (hereinafter, ["Randolph"]) concerning a specific devise from the Will of the Estate of Virgie Forkal[, Mark and Randolph's late mother]. [Mark and Randolph] are brothers and owned the property as tenants in common, but a deterioration of their sibling relationship instigated this litigation. [Mark] requested that this Court grant relief, specifically that two identified parcels in the complaint be equitably divided, that this Court grant [Mark] one-half of the market value of equipment on said land, and one-half of the fair market rental value of the property that [Randolph] had occupied since the death of Virgie Forkal.

This action has been on-going for a prolonged period of time, and several opinions have been issued regarding this matter. Because of this, those Opinions can be referenced for a lengthy and specific recitation of the facts and procedural history of this case and an abbreviated version will be set forth up until the proceedings relevant to the issue at hand:

While co-tenants, each party signed separate leases with different gas companies for the oil and gas rights to the land. After a partition hearing occurred on March 20, 2009, the Master of Partition (Raymond C. Davis, Esq., hereinafter "the Master["]) filed a Report and Recommendation which stated that the land in question could not be partitioned without prejudice. As a result, the Master recommended that a private sale of the property should take place.

Between 2009 and 2014, several Exceptions to the Master's Report and Amended Master's Reports were filed. [Randolph] also appealed many of this Court's Orders to both the Superior Court and the Supreme Court of Pennsylvania.

Finally, on June 16, 2014, a Private Sale Hearing occurred wherein [Mark] was successful in bidding on the property [in] the amount of $5,001,000.00.

The Return of Sale of the Master Partition was subsequently filed on July 10, 2014. An Order Confirming Master's Partition Sale was executed on July 9, 2014 and filed on July 10, 2014. On July 17, 2015, [Randolph] filed a Motion for Post-Trial Relief. On August 18, 2014, [Randolph] filed a Brief in support thereof. [Mark] filed a Motion to Dismiss [Randolph's] Motion for Post Trial Relief on August 1, 2014.

On August 11, 2014, [Mark] then filed a Petition for Escrow of Oil and Gas Royalties. On August 25, 2014, a hearing took place before this Court over [Randolph's] Motion for Post-Trial Relief and [Mark's] Petition for Escrow of Oil and Gas Royalties.

[Randolph] filed an Answer to [Mark's] Petition for Escrow of Oil and Gas Royalties on August 29, 2014. Also, on August 29, 2014, [Randolph] filed a Motion for a Hearing on Post Trial Relief.

On September 14, 2014 this Court issued an order granting [Randolph's] Motion for Post-Trial Relief and denying [Mark's] Motion to Dismiss, [Mark's] Petition for Escrow of Oil and Gas Royalties, and [Mark's] Motion for Hearing on Post Trial Relief. The Court ordered that the June 16, 2014 sale of the property to be set aside, that a new appraisal of the property commence within 45 days, ordered discovery of leases be within 30 days and that a "re-hearing of the matter be held within 60 days to determine the proper value of the property." On October 14, 2014, an appraisal was completed.

During this time, a number of discovery motions and orders were filed and issued. On January 7, 2015, this Court issued an order granting [Randolph's] Motion for Enlargement of Time to Conduct Discovery. No further discovery was requested.

On March 30, 2015, the Master sent a letter to the parties to schedule the sale of the Surface only of the subject property. [Randolph] protested the continuation of proceedings.

- 4 -

On April 23, 2015, the Master petitioned this Court to be allowed to proceed and schedule the sale of the property; the Master asserted that it was his belief that discovery was completed and that a re-hearing was unnecessary because "the appraisal obtained by the Master pursuant to the Court Order dated September 15, 2014, speaks to the proper value of the property." The Master's Motion, p. 2 ¶ (b). The same day, this Court ordered the Master to schedule the private sale of the property. [Randolph] filed numerous motions in protest of the scheduled sale of the property.

On October 1, 2015, the Master sent a letter to counsel for both parties concerning potential dates of sale. On October 7, 2015, the Master conducted a private sale between the two parties. On October 27, 2015, the Master filed a proposed Return of Sales and Schedule of Distribution along with the proposed Order. The Report of Sale noted a successful bid by [Mark] in the amount of $739,000.00.

On October 29, 2015, [Randolph] filed a Motion for Post Trial Relief that is the subject the matter at hand. [Randolph] alleges that the sale should be set aside because of inadequate price; and the Master's alleged violation of both the Pennsylvania and Susquehanna County Rules of Civil Procedure. [Randolph] requests that this Court grant its Motion for Post Trial Relief, order a re-hearing to determine the property value of the subject property, order expedited discovery be conducted in the matter, order a resale of the surface of the disputed parcels, and that the Court grant any other relief as is just and equitable.

Trial Court Opinion, 12/22/15, at unnumbered 1-4.

The order confirming the sale was filed October 27, 2015. This order disposed of all claims and all parties, and it made final all previously filed interlocutory orders including the April 23, 2015 order. *See Betz v. Pneumo Abex LLC*, 44 A.3d 27, 54 (Pa. 2012) (holding that "an appeal of a

- 5 -

final order subsumes challenges to previous interlocutory decisions"); Pa.R.A.P. 341 note ("A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order[.]").[1]  On October 29, 2015, Randolph filed a post-trial motion for reconsideration.  The trial court did not immediately file an order disposing of Randolph's motion, and Randolph properly filed his notice of appeal which was docketed by this Court at 2053 MDA 2015.

For clarity, before we reach the merits of the appeal at 2053 MDA 2015, we must address the filings at the other docket numbers in this appeal.  On December 14, 2015, Mark filed a separate appeal titled as a cross-appeal from an order filed on September 15, 2014.  This Court docketed that cross-appeal at 2173 MDA 2015.  However, an appeal must be filed within thirty days after the entry of the order from which the appeal is taken.  Pa.R.A.P. 903(a).[2]  Mark's December 14, 2015 appeal, wherein he

---

[1] On May 15, 2015, Randolph filed a timely appeal from the April 23, 2015 order which was docketed at 828 MDA 2015.  On August 11, 2015, this Court quashed that appeal because the underlying order did not dispose of all claims and "anticipated further proceedings."  Order, 8/11/15.  Thus, we are satisfied that Randolph's appeal from the October 27, 2015 final order was the proper method by which to challenge the April 23, 2015 order.

[2] To the extent that Mark titled and intended his appeal as a cross-appeal, it is untimely as a cross-appeal as well.  "[I]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was served, or within the time otherwise prescribed by this rule, whichever period last expires."  Pa.R.A.P.

attempts to appeal from the September 15, 2014 order, is patently untimely. Additionally, even if we conclude that the September 15, 2014 order was not final until the filing of the October 27, 2015 order, Mark's appeal remains untimely because it was filed more than thirty days later. Thus, Marks' appeal at 2173 MDA 2015 was untimely, and we quash.

Next, despite being divested of jurisdiction due to Randolph's timely November 24, 2015 appeal pursuant to Pa.R.A.P. 1701, the trial court entered an order denying Randolph's post-trial motion on December 22, 2015. Inexplicably, Randolph filed an appeal from this order on January 12, 2016, which this Court docketed at 94 MDA 2016. Because the trial court was without jurisdiction to enter the December 22, 2015 order, the appeal from that order also is a nullity, and we quash.

Finally, we note that after Randolph filed the superfluous appeal on January 12, 2016, Mark filed a cross-appeal on February 2, 2016, which this Court docketed at 206 MDA 2016. Because the trial court was without jurisdiction to file its December 22, 2015 order, Randolph's January 12, 2016 appeal was a nullity, rendering Mark's cross-appeal a nullity as well. Moreover, Mark's cross-appeal was untimely pursuant to Pa.R.A.P. 903(b).

---

903(b). As noted, Randolph's appeal was filed on November 24, 2015, and Mark's "cross-appeal" was not filed until December 14, 2015, more than fourteen days later.

For the reasons set forth above, we quash the appeals at 2173 MDA 2015, 94 MDA 2016, and 206 MDA 2016. Accordingly, we address only Randolph's appeal from the October 27, 2015 order.

In his appeal, Randolph raises the following issues:

1. Did the Court of Common Pleas err by allowing the Master in Partition, Raymond C. Davis, to present an *ex parte* Motion without any notice to Randolph Forkal or opportunity for argument, in violation of both Pennsylvania Rule of Civil Procedure 208.3 and Susquehanna County Rules of Civil Procedure 208.3(a) and 206.1?

2. Did the Court of Common Pleas err by ostensibly issuing an Order, the result of an *ex parte* Motion, that is contrary to its September 15, 2014 Order requiring a re-hearing of the matter to determine the proper value of the property?

3. Did the Senior Visiting Judge Vanston have the authority to reconsider Judge Seamans' September 15, 2014 and April 23, 2015 Orders?

4. Whether the October 7, 2015 sale should be set aside because the value of the property was unknown at the time of the sale, outstanding issues relevant [to] the value of the property were unknown at the time of the sale, and the sale price was grossly inadequate?

5. Whether the Master in Partition violated his duties owed to the Parties[?]

Randolph's Brief at 6-7. After reviewing the record, we conclude that we may dispose of Randolph's issues concurrently.

Partition of real property is governed by Pennsylvania Rules of Civil 1551-1575. Interpretation of these rules involves questions of law, and our

standard of review is *de novo*. **LaRue v. McGuire**, 885 A.2d 549, 553 (Pa. Super. 2005).

Our Rules of Civil Procedure provide as follows:

> A master who is appointed by the court shall make such examinations and hold such hearings as may be necessary, giving reasonable notice thereof. The master may employ appraisers and, with the authorization of the court, such other experts as are necessary to enable the master to perform his or her duties.

Pa.R.C.P. 1559. Therefore, in order to proceed in certain facets of partition, Rule 1559 contemplates a master obtaining authorization from the trial court. Accordingly, we discern no impropriety in the Master **filing** the April 23, 2015 motion with the trial court.

However, we must point out that the April 23, 2015 motion bears no certificate of service pursuant to Pa.R.Civ.P. 208.2(4), and there is no evidence that the parties were apprised of the motion. Moreover, despite the absence of notice, the trial court ruled on the Master's motion the same day it was filed. This ruling was based solely on the *ex parte* motion filed by the Master, wherein the Master averred that he "believes that all matters have been handled." *Ex Parte* Motion, 4/23/15, at ¶ 9. Indeed, absent an

opportunity to be heard,[3] there is no basis in the record for the trial court's conclusions other than the Master's stated beliefs.

What is clear from the record is that the September 15, 2014 order was not followed, discovery is incomplete, there was an *ex parte* communication between the Master and the Court, and the trial court granted the Master's request despite the fact that the September 15, 2014 order had not been followed.

This convoluted history spawned an unnecessarily cumbersome procedure and resulted in prejudice because there was no opportunity for the parties to be heard regarding the Master's *ex parte* motion. As such, we vacate the October 27, 2015 order and the order granting the Master's *ex parte* motion and remand for the parties, the Master, and the trial court to comply with the September 15, 2014 order. When the terms of the September 15, 2014 order have been satisfied, a new valuation hearing shall be held.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[3] ***See*** Pa.R.Civ.P. 208.3 (setting forth the decisional procedure for motions including oral argument thereon).

J-A25016-16
J-A25017-16
J-A25018-16
J-A25019-16


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2016